### In re DELTA AIR LINES, INC., "Erisa" Litigation
### No. MDL–1424.

Judicial Panel on Multidistrict Litigation.

Oct. 31, 2001.

Before HODGES, Chairman, KEENAN, SEAR, SELYA, GIBBONS, JENSEN and MOTZ, Judges of the Panel.

### *TRANSFER ORDER*

This litigation presently consists of six actions: one action each in the Central District of California, the Northern District of Georgia, the District of Massachusetts, the District of New Mexico, the Eastern District of New York and the Southern District of Ohio. Before the Panel is a motion by plaintiff in the New York action, pursuant to 28 U.S.C. § 1407,

to centralize the actions in the Eastern District of New York for coordinated or consolidated pretrial proceedings. The Georgia plaintiffs oppose inclusion of their action in Section 1407 proceedings, because all claims in this action have been resolved. All other responding parties agree that centralization is appropriate, but suggest alternative transferee districts. The Delta defendants[1] suggest centralization in the Northern District of Georgia, while the Massachusetts and New Mexico plaintiffs suggest the District of Massachusetts or District of New Mexico, respectively, as transferee court.

 On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact arising out of the methodology used after July 1, 1996, by the Delta defendants to calculate the pension benefits of current or retired Delta pilots. Centralization under Section 1407 in the Northern District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while accordingly being necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

In light of the advanced stage of the proceedings in the Georgia action,[2] we do not include it in Section 1407 proceedings in this docket. We note, however, that this action is pending in the transferee district and we leave to the discretion of the transferee judge the extent of any coordination between this action and other related actions.

 We are persuaded that the Northern District of Georgia is the most appropriate transferee forum for this litigation. We note that i) pertinent documents and witnesses are likely located there at Delta's principal place of business, ii) the largest number of putative class members are located there, and iii) in light of Judge Julie E. Carnes' involvement with the Georgia *Aschbacher* action, she is already familiar with some of the issues involved in this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A are transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Julie E. Carnes for coordinated or consolidated pretrial proceedings.

## SCHEDULE A

*MDL–1424—In re Delta Air Lines, Inc., "ERISA" Litigation*

*District of California*

*James B. Porter v. Delta Air Lines, Inc., et al.,* C.A. No. 2:01–4695

*District of Massachusetts*

*Willaim G. Macaulay v. Delta Air Lines, Inc., et al.,* C.A. No. 1:01–10922

*District of New Mexico*

*Ann Braun Goldfein, etc. v. Delta Air Lines, Inc., et al.,* C.A. No. 1:01–587

*Eastern District of New York*

*Robert D. Berger v. Delta Air Lines, Inc., et al.,* C.A. No. 1:01–2877

*Southern District of Ohio*

*Samuel O. Gamble v. Delta Air Lines, Inmc., et al.,* C.A. No. 1:01–376

---

**1.** Delta Air Lines, Inc. (Delta), the Delta Pilots Retirement Plan, the Delta Pilots Supplemental Annuity Plan, and the Delta Pilots Bridge Plan (collectively referred to as Delta defendants).

**2.** *Darrell G. Aschbacher, et al. v. Delta Pilots Retirement Plan, et al.,* N.D. Georgia, C.A. No. 1:00–2127.